IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROMERO BRITTO; BRITTO CENTRAL, INC.; ART 800, LLC; and GIFTCRAFT, LTD.,

        Plaintiffs,

        v.

Héctor Figueroa Khury d/b/a Zakkos; Amira Accessories; Amira Accesorios; Luis Cortés Rivera and Betzaida Reyes Figueroa d/b/a D'Show Imports and LD Imports; Urban Imports; José M. García Oyola d/b/a Mary & Joe Fantasy; Gold City Wholesale and Gold City Stores; Genesis Handbags; Josslianes Outlet Inc.; Kasey Accessories and Kasey Accessories 1 and 2; Jorge Vázquez Santos d/b/a Nayda's Imports; Jay & Gy Studio; Wanda Rivera Ortíz d/b/a Fantasy Outlet; Nayda Colón Escalante d/b/a Nayda's & More; Song Jun Huang a/k/a Yon d/b/a Vieng Joyería Accesorios; Pochi Distributors; Eddy Hernández Robles d/b/a Emmanuel Imports Co, LTD; Luis Rodríguez d/b/a G L Distributors; Chulerías; Betash; Felix Acosta d/b/a International Wholesalers; Tony Rodríguez Import; New Concepts; Mega Outlet; Xajonara García d/b/a Carteras y Accesorios; Chulería Accessories; Ritmo Moda; Val-Key Shops # 7; Dress My Cell; Coquetísima by Naara; Timing; Tienda 5-7-9; Pose; House of Blues; Ranger; Camilia Fashion; Novedades J.A.; Dreams Collection; Etnica Moda; Axessories; Vipel 9cito, Inc.; Angel Eyes; Abed Yusef Megl d/b/a Carreta Plaza del Sol; John Doe d/b/a Tienda sin Nombre; Tiendas Capri; Tendencias; Joyería Elismary; María Ortíz Arroyo d/b/a Angie's Fashion; Frangelys Accesorios y Algo Más; Claro Con K-che; Toño Gangas; Celutec; Tentaciones y Algo Más; Mundo de la Fantasía; Vanesa d/b/a Creaciones Carolisa; Marily Rivera d/b/a Marily's

Civil No. 11-1856 (GAG)

Copyright Infringement;
Trademark Infringement;
Trade Dress Infringement;
Trademark Counterfeiting;
False Designation of Origin;
Unfair Competition;
Request for Temporary Restraining Order;
Seizure Order; Preliminary and Permanent Injunction; and Damages

**FILED UNDER SEAL**

**JURY DEMAND**



RECEIVED AND FILED
2011 AUG 31  PM 4: 57
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Fashion; Wilmarie Carteras; Unique Fashion; Galería; Bellísima Shop & More; Marisol Store; NY Collection; Farmacia Modelo; Barrio Urbano; Detalles Lurdíssima; Reina Miselaneas; David Feliciano Valle d/b/a Tienda Feliciano; Accessories Outlet; Rainbow; China Town; Babi Shades; Latinas; Viviana's Accessories; Atlántico Leather Party; Variettee Gift Shop; Ivelisse Fantasy; Perfume World; Yanessis Outlet; Romero Enterprises; Diva Annabella; Kamila's Fashion; Floristeria D'nash; Farmacia Los Angeles; Angevelisse Fantasy World; New Shine; Lares Department Store; Farmacia Nueva; RW Accessories; Aida's Fashion; Latina; Fifth Avenue Boutique; Ella y El; Kricias Boutique; La Nueva Estrella; T Shirts Specialties; Lola's Fashion; Joyerías Borroto; Jade & Gems; X-treme Mode I and II; Accessories Imports; International Traders; Exclusive Fragrances; Secret/Vanity; Irresistible Stores #2 and #3; Steel Fashion and More; Miami Gold; Click; Pie Divina; Creación Divina; Cartera Bella & More Imports; Joyería Plaza; Tiendas Agnes; Farmacia Marisel; VG's Accessories; Galerías de Perfume; Farmacia Central; Omar Sun Glasses; Fun Glasses; Jomary´s Beauty Supplies; LR Perfumería Fragancia y Accesorios; Lyn's Import's Craft & More; Limari's Accessories; Eve's Accessories; Tienda Pasoel; Lo Mejor de la Avenida; Marie's Accesorios; Racostte; Alkimia Evolution de la Moda; Giani; U Save; Héctor Joyero; The Qilong Tao; Rincón Gitano; Big Save; Julio Cesar Ortiz; Chema Distributors; Shela, Lnu; Hilario, Lnu; Cachita, Lnu; DJ Urban Wear; Keila Vazquez d/ba Keila Carteras; Kiosko Elvin; Kiosko Iván Lugo; Evelyn López d/b/a D'Eves Touch of Elegance; Julio Cruz d/b/a Dormarie Fashion; Tito Perfume; Kiosko Keila; Myra Fashion Designs; Discount Fashions; Benicio Carteras y Zapatos; Melo's Kiosko #6; Kiosko John Doe; Grace Lnu; Zurdo Discount; William Rocke Collazo a/k/a El

Roquero; Mi Casita; Wanda Lee Bags; Juguetón; Piri Bags; Carteras y Más; Mayimbe, Lnu; Jorge, Lnu; Owner of Main Kiosk #1 at Pulguero de Salinas; Owners of Kiosks # 29 & 30 at Pulguero de Salinas; Owners of Kiosks # 14 & 15 at Pulguero de Salinas; Grisel Fashion Design; Cano Especiales; Feyo de Todo; Silverio/Barato Siempre; Sol Gitano; Kiosko Especial y Descuentos; Richard Roes and Jane Roes Owners of Pulguero de Salinas, Pulguero de Arecibo, Pulguero de Vega Baja, Pulguero de Aguadilla, and Pulguero de Mayaguez; Companies A, B, and C; Insurance Companies X, Y, and Z; and John Does and Mary Does,

Defendants.

## VERIFIED COMPLAINT

TO THE HONORABLE COURT:

COME NOW, Plaintiffs, Romero Britto, Britto Central, Inc., Art 800, LLC, and Giftcraft, Ltd., through their undersigned attorneys, and very respectfully bring this action for a temporary restraining order, for preliminary and permanent injunctive relief, and for monetary damages for copyright infringement, trademark infringement, trademark counterfeit, trade dress infringement, false designation of origin, and unfair competition against the above-captioned defendants, as follows:

## I.   NATURE OF THE ACTION, JURISDICTION, AND VENUE

1.   This is an action to recover for Defendants' negligent or willful acts of copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*

2.   This is also an action for trademark infringement, trade dress infringement, trademark counterfeit, false designation of origin, and unfair competition under Section 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

3.   This is also an action for violations to Articles 26 to 28 of the Puerto Rico Trademarks Act, 10 L.P.R.A. §§ 223w-223y; violations to the unfair competition doctrines of Puerto Rico under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141; and violations to the unjust enrichment and the unfair competition provisions under Article 3 of Act No. 77 of June 25, 1964, as amended, 10 L.P.R.A. §259(a).

4.   This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 1338(a), 1338 (b) and 1367(a); and pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a), because Defendants reside or have their principal places of business in this district; the infringing products which are the subject of this litigation are and have been distributed and offered for distribution in this district; and the claims alleged in this Complaint arose in this judicial district.

## II.  THE PARTIES

6.   Plaintiff Romero Britto ("Britto") is a world-renowned artist with his principal place of business at 818 Lincoln Road, Miami Beach, Florida 33139.   Britto's artworks are displayed in museums and galleries worldwide, as well as in numerous private collections.   Britto's sculptures are currently installed in diverse locales across the world, including JFK Airport in New York and Hyde Park in London.   Britto has also designed

4

stamps for the United Nations Postal Administration and for commemorating the 450th anniversary of the city of São Paulo, Brazil.  Several of Britto's artworks have copyright registrations, pursuant to the Copyright Act.

7.  Plaintiff Britto Central, Inc. ("Britto Central") is a Florida corporation with its principal place of business at 818 Lincoln Road, Miami Beach, Florida 33139.  Britto granted Britto Central the exclusive right to use, and license others to use, any and all images, sculptures, or other works of art created by Britto.  See copy of License Agreement at Exhibit 1.

8.  Plaintiff Art 800, LCC ("Art 800") is a Florida Corporation with its principal place of business at 818 Lincoln Road, Miami Beach, Florida 33139.  Britto Central granted Art 800 the exclusive right to use, and license others to use, the copyrights and trademarks in Romero Britto's artworks and any other images created by Romero Britto, used on certain products and merchandise items, and in connection with the production, manufacturing, distribution, sale, marketing, and advertisement of the artworks and merchandise.  See copy of License Agreement at Exhibit 2.

9.  Plaintiff Giftcraft, Ltd. ("Giftcraft") is a Canadian Corporation with its principal place of business at 8550 Airport Road, Brampton Ontario L6T 5A3, Canada.  Giftcraft is engaged in the business of worldwide merchandising and wholesale distribution of giftware, tableware, and house ware.  Giftcraft has various license agreements with Art 800 to incorporate Romero Britto's artworks and trademarks on various three dimensional products, such as tote bags, purses, wallets, key chains, baggage tags, pet accessories, umbrellas, jewelry, tableware, kitchen accessories, stationary, and office accessories, among others (hereinafter, the "Britto products").  See copy of the License Agreements at Exhibit 3.

10. Defendants, upon information and belief, are importing, distributing, offering for sale, and/or selling to customers in Puerto Rico counterfeit merchandise bearing exact copies

and/or colorable duplicates of Plaintiffs' Britto products, which incorporate, without authorization, Britto's copyrighted works, Britto's and Giftcraft's trademarks and trade dress, and which falsely designate the origin of said products.

11. Héctor Figueroa Khury d/b/a Zakkos, upon information and belief, has its principal place of business at Ave de Diego # 728, Río Piedras, PR.

12. Amira Accessories, upon information and belief, has places of business at Calle Emiliano Pol # 267, Urb. Las Cumbres,  at Montehiedra Town Center, Río Piedras, and at Las Catalinas Mall, Caguas, PR.

13. Luis Cortés Rivera and Betzaida Reyes Figueroa d/b/a D'Show Imports and LD Imports, upon information and belief, have their principal place of business at Ave. 65 Inf. # 378, Río Piedras, PR.

14. Urban Imports, upon information and belief, has its principal place of business at Calle Dr. Veve # 74, Bayamón, PR.

15. José M. García Oyola d/b/a Mary & Joe Fantasy, upon information and belief, has its principal place of business at Calle Dr. Veve # 87, Bayamón, PR.

16. Gold City Wholesale and Gold City Stores, upon information and belief, have places of business at Cantón Mall, Bayamón; San Patricio Plaza, Guaynabo; 3 Calle Derkes W, Guayama; Mayaguez Mall, Mayaguez; Plaza del Norte, Arecibo; Belz Factory Outlet, Canóvanas; Plaza Guaynabo, Guaynabo; Plaza del Caribe Mall, Ponce; and Las Catalinas Mall, Caguas,  PR.

17. Génesis Handbags, upon information and belief, has its principal place of business at Ave. Las Cumbres # A-17, Urb. Royal Town, Bayamón, PR.

18. Josslianes Outlet Inc., upon information and belief, has its principal place of business at Calle Barbosa, Cataño, PR.

19. Kasey Accessories, Kasey Accessories 1 and Kasey Accessories 2, upon information and belief, has its principal place of business at Paseo de Diego # 156, Río Piedras, and at Calle 5 # B-34, Villas de Castro, Caguas, PR.

20. Jorge Vázquez Santos d/b/a Nayda's Imports, upon information and belief, has its principal place of business at Carr. 172, Km.0.9, Villa Del Nueva, Caguas, PR.

21. Jay & Gy Studio, upon information and belief, has its principal place of business at Carr. 198 # 20, Humacao, PR.

22. Wanda Rivera Ortíz d/b/a Fantasy Outlet, upon information and belief, has its principal place of business at Urb. Los Robles, Cayey, PR.

23. Nayda Colón Escalante d/b/a Nayda's & More, upon information and belief, has places of business at Marginal Montellano, Cayey, and at Ave. Las Américas, Caguas, PR.

24. Song Jun Huan, a/k/a Yon d/b/a Vieng Joyería Accesorios, upon information and belief, has its principal place of business at Carr. # 3, Marginal, Carolina, PR.

25. Pochi Distributors, upon information and belief, has its principal place of business at Carr. 185, Canóvanas, PR.

26. Eddy Hernández Robles d/b/a Emmanuel Imports Co. LTD, upon information and belief, has its principal place of business at Carr. # 2, Marginal, Urb. Brasilia # C4-30, Vega Baja, PR.

27. Luis Rodríguez d/b/a G L Distributors, upon information and belief, has its principal place of business at Paseo Casa Blanca # 5, Carr. # 155, int. Carr. # 2, Vega Baja, PR.

28. Chulerías, upon information and belief, has its principal place of business at Calle Betances # 54, Esq. Igaravides, Vega Baja, PR.

29. Betash, upon information and belief, has its principal place of business at Carr. # 2, int. Carr. # 481, Bo. Cocos, Quebradillas, PR.

30. Felix Acosta, d/b/a International Wholesalers, upon information and belief, has its principal place of business at Carr. # 2, Km. 118.0, Bo. Ceiba Baja, Aguadilla, PR.

31. Tony Rodríguez Import, upon information and belief, has its principal place of business at Carr. # 308, Km.0.3, Bo. Miradero, Cabo Rojo, PR.

32. New Concepts, upon information and belief, has its principal place of business at Carr. 100, Km. 3.6, Marginal, # 2510, Cabo Rojo, PR.

33. Mega Outlet, upon information and belief, has its principal place of business at Calle Muñoz Rivera, Esq. Calle Comercio, Juana Díaz, PR.

34. Xajonara García d/b/a Carteras y Accesorios, upon information and belief, has its principal place of business at Carr. 153, in front of Santa Isabel Mall, Santa Isabel, PR.

35. Chulería Accessories, upon information and belief, has its principal place of business at Paseo De Diego, Río Piedras, PR.

36. Ritmo Moda, upon information and belief, has its principal place of business at Paseo de Diego # 65,, Río Piedras, PR.

37. Val-Key Shops # 7, upon information and belief, has its principal place of business at El Señorial Mall, Río Piedras, PR.

38. Dress My Cell, upon information and belief, has its principal place of business at El Señorial Mall, Río Piedras, PR.

39. Coquetísima by Naara, upon information and belief, has places of business at Montehiedra Town Center, Río Piedras, at Galería Paseos 1st floor, 2nd floor and 3rd floor, Río Piedras, and at Belt's Outlet, Canóvanas, PR.

40. Timing, upon information and belief, has its principal place of business at Montehiedra Town Center, Río Piedras, PR.

41. Tienda 5-7-9, upon information and belief, has its principal place of business at Montehiedra Town Center, Río Piedras, PR.

42. Pose, upon information and belief, has its principal place of business at Montehiedra Town Center, Río Piedras, PR.

43. House of Blue, upon information and belief, has places of business at Montehiedra Town Center, Río Piedras, at El Cantón Mall, Bayamón, at Monte Real Plaza #18, Manatí, at Las Catalinas Mall, Caguas, at Plaza Carolina, Carolina, at Belt's Outlet, Canóvanas, and at Plaza Las Piedras, Las Piedras, PR.

44. Camilia Fashion, upon information and belief, has its principal place of business at Santa María Shopping Center, Carr. 833, Km. 14.2, Río Piedras, PR.

45. Novedades J.A., upon information and belief, has its principal place of business at Ave. Borinquen, esq. Calle 18, Bo. Obrero, Santurce, PR.

46. Dreams Collection, upon information and belief, has its principal place of business at Plaza Río Hondo, Bayamón, PR.

47. Etnica Moda, upon information and belief, has its principal place of business at Plaza Río Hondo, Bayamón, PR.

48. Axessories, upon information and belief, has its principal place of business at Plaza Río Hondo, Bayamón, PR.

49. Vipel 9cito, Inc., upon information and belief, has its principal place of business at El Cantón Mall, Bayamón, PR.

50. Angel Eyes, upon information and belief, has its principal place of business at El Cantón Mall, Bayamón, PR.

51. Abed Yusef Megl d/b/a Carreta Plaza del Sol, upon information and belief, has its principal place of business at Plaza del Sol, Bayamón, PR.

52. John Doe d/b/a store without a name, upon information and belief, has its principal place of business at Ave. Santa Juanita # AK-26, Bayamón, PR.

53. Tiendas Capri, upon information and belief, has its principal place of business at Carr. # 2, Bayamón, PR.

54. Tendencias, upon information and belief, has its principal place of business at Carr. 167, River View, Bayamón, PR.

55. Joyería Elismary, upon information and belief, has its principal place of business at Ave. Barbosa #180, Cataño, PR.

56. María Ortiz Arroyo d/b/a Angie's Fashion, upon information and belief, has its principal place of business at Carr. 152, Bo. Cedro Arriba, Naranjito, PR.

57. Frangelys Accesorios y Algo Más, upon information and belief, has its principal place of business at Centro Comercial Mercado Plaza, Bo. Cedro Arriba, Naranjito, PR.

58. Celutec, upon information and belief, has its principal place of business at Plaza Mercado, Naranjito, PR.

59. Claro Con K-che, upon information and belief, has its principal place of business at Calle Georgetti, 115-A, Naranjito, PR.

60. Toño Gangas, upon information and belief, has its principal place of business at Calle Georgetti, Naranjito, PR.

61. Tentaciones y Algo Más, upon information and belief, has its principal place of business at Carr. 152, Km.18.9, Naranjito, PR.

62. Mundo de la Fantasía, upon information and belief, has its principal place of business at Calle Barceló # 79, Barranquitas, PR.

63. Vanesa d/b/a Creaciones Carolisa, upon information and belief, has its principal place of business at Carr. 156, Km. 12.9, Bo. Palo Hincado, Barranquitas, PR.

64. Marily Rivera d/b/a Marily's Fashion, upon information and belief, has its principal place of business at Carr. 156, Km.0.0, Bo. Palo Hincado, Barranquitas, PR.

65. Wilmarie Carteras, upon information and belief, has its principal place of business at Carr. 167, in front of Pitusa, in a white van license plate #DCH-449, Barranquitas, PR.

66. Unique Fashion, upon information and belief, has its principal place of business at Calle San José # 56, Aibonito, PR.

67. Galería, upon information and belief, has its principal place of business at Calle San José # 101, Aibonito, PR.

68. Bellísima Shop & More, upon information and belief, has its principal place of business at Calle Gerónimo Martínez # 9, Aibonito, PR.

69. Wilmarie Carteras, upon information and belief, has its principal place of business at Carr. 14, Aibonito, PR.

70. Marisol Store, upon information and belief, has its principal place of business at Calle Gándara # 17, Corozal, PR.

71. NY Collection, upon information and belief, has its principal place of business at Calle Gándara, Corozal, PR.

72. Farmacia Modelo, upon information and belief, has its principal place of business at Calle Gándara, Corozal, PR.

73. Barrio Urbano, upon information and belief, has its principal place of business at Gran Caribe Mall, Carr. # 2, Vega Alta, PR.

74. Detalles Lurdissima, upon information and belief, has its principal place of business at Gran Caribe Mall, Carr. # 2, Vega Alta, PR.

75. Reina Misceláneas, upon information and belief, has its principal place of business at Calle Betances # 1, Vega Baja, PR.

76. David Feliciano Valle d/b/a Tienda Feliciano, upon information and belief, has its principal place of business at Calle E. Betances # 17, Vega Baja, PR.

77. Accessories Outlet, upon information and belief, has its principal place of business at Prime Outlets, Barceloneta, PR.

78. Rainbow, upon information and belief, has its principal place of business at Prime Outlets, Barceloneta, PR.

79. China Town, upon information and belief, has its principal place of business at Ave. José de Diego # 227, Arecibo, at Calle Font Martelo, Humacao, and at Calle Muñoz Rivera, Juncos, PR.

80. Babi Shades, upon information and belief, has its principal place of business at Ave. José de Diego, Esq. Esteban Padilla, Arecibo, PR.

81. Latinas, upon information and belief, has its principal place of business at Ave. José de Diego #179, Arecibo, PR.

82. Viviana's Accessories, upon information and belief, has its principal place of business at Paseo de Diego # 173, Arecibo, PR.

83. Atlántico Leather Party, upon information and belief, has its principal place of business at Plaza del Atlántico, Arecibo, PR.

84. Accessories Outlet, upon information and belief, has its principal place of business at Plaza del Atlántico, Arecibo, PR.

85. Variettee Gift Shop, upon information and belief, has its principal place of business at Calle Luis Muñoz Rivera, Plaza del Mercado, Camuy, PR.

86. Ivelisse Fantasy, upon information and belief, has its principal place of business at Calle Luis Muñoz Rivera, Camuy, PR.

87. Perfume World, upon information and belief, has its principal place of business at Calle Luis Muñoz Rivera, Camuy, PR.

88. Yanessis Outlet, upon information and belief, has its principal place of business at Carr. #129, Km. 5.3, Hatillo, PR.

89. Romero Enterprises, upon information and belief, has its principal place of business at Ave. Agustín Ramos Calero #23 Altos, Isabela, PR.

90. Diva Annabella, upon information and belief, has its principal place of business at Calle Barbosa #47, Isabela, PR.

91. Kamila's Fashion, upon information and belief, has its principal place of business at Calle Ferrocarril, Isabela, PR.

92. Floristería D'nash, upon information and belief, has its principal place of business at Calle Otero #53, Isabela, PR.

93. Farmacia Los Ángeles, upon information and belief, has its principal place of business at Carr. #2, int. Carr. 474, Isabela, PR.

94. Angevelisse Fantasy World, upon information and belief, has its principal place of business at Calle Luis Muñoz Rivera, Lares, PR.

95. New Shine, upon information and belief, has its principal place of business at Calle Virella, esq. Calle Ramírez, Lares, PR.

96. Lares Department Store, upon information and belief, has its principal place of business at Calle San José, Lares, PR.

97. Farmacia Nueva, upon information and belief, has its principal place of business at Urb. Raholiza #3, San Sebastián, PR.

98. RW Accessories, upon information and belief, has its principal place of business at Calle Betances, San Sebastián, PR.

99. Aida's Fashion, upon information and belief, has its principal place of business at Calle Betances, San Sebastián, PR.

100.    Latina, upon information and belief, has its principal place of business at Calle Betances, San Sebastián, PR.

101.    Fifth Avenue Boutique, upon information and belief, has its principal place of business at Calle Luna, San Germán, PR.

102.    Ella y El, upon information and belief, has its principal place of business at Calle McKinley, Mayaguez, PR.

103.    Karicias Boutique, upon information and belief, has its principal place of business at Plaza Centro Mall, Caguas, PR.

104.    La Nueva Estrella, upon information and belief, has its principal place of business at Paseo Gautier Benítez, Caguas, PR.

105.    T Shirts Specialties, upon information and belief, has its principal place of business at Paseo Gautier Benitez, Caguas, PR.

106.     Lola's Fashion, upon information and belief, has its principal place of business at Paseo Gautier Benítez, Caguas, PR.

107.     Joyerías Borroto, upon information and belief, has its principal place of business at Paseo Gautier Benítez, Caguas, PR.

108.     Rainbow, upon information and belief, has its principal place of business at Las Catalinas Mall, Caguas, PR.

109.     Jade & Gems, upon information and belief, has its principal place of business at Las Catalinas Mall, Caguas, PR.

110.     Gold City, upon information and belief, has its principal place of business at Las Catalinas Mall, Caguas, PR.

111.     X-treme Mode I and X-treme Mode II, upon information and belief, have their places of business at Plaza Carolina and at Carolina Shopping Court, Carolina, PR.

112.     Pose, upon information and belief, has its principal place of business at Plaza Carolina, Carolina, PR.

113.     Irresistible I and II, upon information and belief, has its principal place of business at Plaza Carolina, Carolina, PR.

114.     Accessories Imports, upon information and belief, has its principal place of business at Plaza Carolina, Carolina, PR.

115.     International Traders, upon information and belief, has its principal place of business at Plaza Carolina, Carolina, PR.

116.     Exclusive Fragrances, upon information and belief, has its principal place of business at Belt's Outlet, Canóvanas, PR.

117.     Secret/Vanity, upon information and belief, has its principal place of business at Belt's Outlet, Canóvanas, PR.

118.     Vanity, upon information and belief, has its principal place of business at Belt's Outlet, Canóvanas, PR.

14

119.     Irresistible Stores #2 and #3, upon information and belief, has its principal place of business at Belt's Outlet, Canóvanas, PR.

120.     Steel Fashion and More, upon information and belief, has places of business at Plaza Fajardo Mall, Fajardo, and at Plaza Palma Real, Humacao, PR.

121.     Miami Gold, upon information and belief, has its principal place of business at Plaza Fajardo Mall, Fajardo, PR.

122.     Click, upon information and belief, has its principal place of business at Plaza Fajardo Mall, Fajardo, PR.

123.     Pie Divina, upon information and belief, has its principal place of business at Calle Muñoz Rivera, Fajardo, PR.

124.     Creación Divina, upon information and belief, has its principal place of business at Calle Muñoz Rivera, Fajardo, PR.

125.     Cartera Bella & More Imports, upon information and belief, has its principal place of business at Carr. #3, Km.41.8, Bo. Juan Martín, Luquillo, PR.

126.     Joyería Plaza, upon information and belief, has its principal place of business at Calle Goyco, Naguabo, PR.

127.     Tiendas Agnes, upon information and belief, has its principal place of business at Calle Georgetti #2-E, Humacao, PR.

128.     Fun Glasses, upon information and belief, has its principal place of business at Plaza Palma Real, Humacao, PR.

129.     Farmacia Marisel 1, upon information and belief, has its principal place of business at Calle Noya y Hernández, Humacao, PR.

130.     Galería de Perfume, upon information and belief, has its principal place of business at Calle Noya y Hernández, Humacao, PR.

131.     Farmacia Central, upon information and belief, has its principal place of business at Calle Noya y Hernández, Humacao, PR.

132.    V G's Accessories, upon information and belief, has its principal place of business at Calle Font Marcelo, Humacao, PR.

133.    Omar Sun Glasses, upon information and belief, has its principal place of business at Calle Font Marcelo, Humacao, PR.

134.    Jomary's Beauty Supplies, upon information and belief, has its principal place of business at Carr 901, Yabucoa, PR.

135.    LR Perfumería Fragancia y Accesorios, upon information and belief, has its principal place of business at Carr. 183, Km. 0.0, Bo. Tejas, Las Piedras, PR.

136.    Lyn's Import's Craft & More, upon information and belief, has its principal place of business at Calle Algarín #10, Juncos, PR.

137.    Limari's Accessories, upon information and belief, has its principal place of business at Calle Muñoz Rivera #64, Juncos, PR.

138.    Eve's Accessories, upon information and belief, has its principal place of business at Calle Mc Jones #4B, Villalba, PR.

139.    Tienda Pasoel, upon information and belief, has its principal place of business at Calle Muñoz Rivera #14-A, Villalba, PR.

140.    Lo Mejor de la Avenida, upon information and belief, has its principal place of business at Calle Muñoz Rivera #18, Villalba, PR.

141.    Marie's Accesorios, upon information and belief, has its principal place of business at Centro Comercial La Rambla, Carr. 14, Ponce, PR.

142.    Racostte, upon information and belief, has its principal place of business at Carr. #14, Cotto Laurel, Ponce, PR.

143.    Alkimia Evolution de la Moda, upon information and belief, has its principal place of business at Centro Sur Mall, Ponce, PR.

144.    Giani, upon information and belief, has its principal place of business at Calle Carrión Maduro, Juana Díaz, PR.

145.     U Save, upon information and belief, has its principal place of business at Calle Bobby Capó, Coamo, PR.

146.     Héctor Joyero, upon information and belief, has its principal place of business at Calle Bobby Capó #1, Coamo, PR.

147.     The Qilong Tao, upon information and belief, has its principal place of business at Plaza Guayama, Guayama, PR.

148.     Rincón Gitano, upon information and belief, has its principal place of business at Plaza Guayama, Guayama, PR.

149.     Big Save, upon information and belief, has its principal place of business at Calle Calymano Martínez, Guayama, PR.

150.     Julio Cesar Ortíz, upon information and belief, has its principal place of business at Pulguero Carolina, Carolina, PR.

151.     Chema Distributors, upon information and belief, has its principal place of business at Pulguero Carolina, Carolina, PR.

152.     Shela, Lnu, upon information and belief, has its principal place of business at Pulguero Carolina, Carolina, PR.

153.     Hilario, Lnu, upon information and belief, has its principal place of business at Pulguero Carolina, Carolina, PR.

154.     Cachita, Lnu, upon information and belief, has its principal place of business at Pulguero Carolina, Carolina, PR.

155.     DJ Urban Wear, upon information and belief, has its principal place of business at Pulguero Caguas, Caguas, PR.

156.     Keila Vázquez d/b/a Keila Carteras, upon information and belief, has its principal place of business at Pulguero Caguas, Caguas, PR.

157.     Kiosko Elvin, upon information and belief, has its principal place of business at Pulguero Caguas, Caguas, PR.

158.     Kiosko Iván Lugo, upon information and belief, has its principal place of business at Pulguero Caguas, Caguas, PR.

159.     Evelyn Lopez d/b/a D'Eves Touch of Elegance, upon information and belief, has its principal place of business at Pulguero Caguas, Caguas, PR.

160.     Wanda Rivera, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

161.     Julio Cruz d/b/a Dormarie Fashion, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

162.     Tito Perfume, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

163.     Kiosko Keila, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

164.     Myra Fashion Designs, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

165.     Discount Fashions, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

166.     Benicio Carteras y Zapatos, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

167.     Melo's Kiosko #6, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

168.     Kiosko John Doe, upon information and belief, has its principal place of business at Pulguero Bayamón, Bayamón, PR

169.     Grace Lnu, upon information and belief, has its principal place of business at Pulguero Vega Baja, Vega Baja, PR.

170.     Zurdo Discount, upon information and belief, has its principal place of business at Pulguero Vega Baja, Vega Baja, PR.

171.     William Rocke Collazo a/k/a El Roquero, upon information and belief, has its principal place of business at Carr. #129, Arecibo, PR.

172.     Mi Casita, upon information and belief, has its principal place of business at Pulguero Arecibo, Carr. #129, Arecibo, PR.

173.     Wanda Lee Bags, upon information and belief, has its principal place of business at Pulguero Arecibo, Carr. #129, Arecibo, PR.

174.     Juguetón, upon information and belief, has its principal place of business at Pulguero Arecibo, Carr. #129, Arecibo, PR.

175.     Piri Bags, upon information and belief, has its principal place of business at Pulguero Arecibo, Carr. #129, Arecibo, PR.

176.     Carteras y Más, upon information and belief, has its principal place of business at Pulguero Arecibo, Carr. #129, Arecibo, PR.

177.     Mayimbe, Lnu, upon information and belief, has its principal place of business at Kiosk #67 of Pulguero Salinas, Salinas, PR.

178.     Jorge, Lnu, upon information and belief, has its principal place of business at Kiosks #18 & 19, Pulguero Salinas, Salinas, PR.

179.     Owner of Main Kiosk #1, upon information and belief, has its principal place of business at the Pulguero Salinas, Salinas, PR.

180.     Owners of Kiosks #29 and 30, upon information and belief, have their principal place of business at Pulguero Salinas, Salinas, PR.

181.     Owners of Kiosks #14 & 15, upon information and belief, have their principal place of business at Pulguero Salinas, Salinas, PR.

182.     Grisel Fashion Design, upon information and belief, has its principal place of business at Pulguero Aguadilla, Aguadilla, PR.

183.     Cano Especiales, upon information and belief, has its principal place of business at Pulguero Aguadilla, Aguadilla, PR.

184.    Feyo de Todo, upon information and belief, has its principal place of business at Pulguero Aguadilla, Aguadilla, PR.

185.    Silverio/Barato Siempre, upon information and belief, has its principal place of business at Pulguero de Mayagüez, Mayagüez, PR.

186.    Sol Gitano, upon information and belief, has its principal place of business at Pulguero de Mayagüez, Mayagüez, PR.

187.    Kiosko Especial y Descuentos, upon information and belief, has its principal place of business at Pulguero de Mayagüez, Mayagüez, PR.

188.    Richard Roes and Jane Roes, the owners of Pulguero de Salinas, Pulguero de Arecibo, Pulguero de Vega Baja, Pulguero de Aguadilla, and Pulguero de Mayaguez, are unknown individuals who own flea markets and are responsible to Plaintiffs for their contributory copyright, trademark and trade dress infringement inasmuch as counterfeit goods are openly displayed at their locales or flea markets.

189.    Defendants, Companies A, B & C, are corporations that may be responsible to the Plaintiffs for the facts alleged in the present Complaint but, at this moment, their names and addresses are unknown.

190.    Defendants, Insurance Companies X, Y & Z, are insurance companies that may be responsible to the Plaintiffs for the facts alleged in the present Complaint but, at this moment, their names and addresses are unknown.

191.    Defendants, John Does and Mary Does, are unknown individuals who made unauthorized illegal copies or derivative works of the Britto products, infringing on Britto's and Giftcraft's copyrights, trademarks, and trade dress, according to the facts alleged in this Complaint, and who are or might be responsible to the Plaintiffs.  Their personal information is unknown at this moment.

### III.  FACTUAL ALLEGATIONS

192.      Plaintiff Romero Britto was born in Recife, Brazil, and since childhood expressed his innate creativity with vibrant colors and images.  After exhibiting his work in galleries and private showings across Europe, he decided to move to Miami, Florida, where Pop Art was flourishing, and set up a studio open to the public.  Britto's studio in Miami and his unique style of art quickly gained popularity.  In 1989, Absolut Vodka selected Britto to design an artwork with their famous logo, Absolut Britto.  Britto's participation in this project added his name to the list of renowned artists, such as Warhol and Haring, also commissioned for the famous Vodka campaign.  Today, Britto has become a pop culture icon and his artworks are displayed in galleries and museums across five continents. Britto's works on canvas have been transformed into sculptures displayed in locales such as New York's JFK Airport and London's Hyde Park.

193.      Britto granted Britto Central the exclusive right to use, and license others to use, any and all images, sculptures, or other works of art created by Britto.  See copy of License Agreement at Exhibit 1.

194.      Britto Central has obtained Copyright registrations for Britto's "A New Day", "My Alphabet Playbook", "Friendship Bear", and "Happy!" (the "Britto copyrighted works"). Thus, Britto Central has duly complied with the provisions of the Copyright Act and has secured the exclusive rights and privileges in and to the copyrights of the Britto copyrighted works.  See evidence of registration at Exhibits 4, 5, 6, and 7.

195.      Britto Central is the owner of the ROMERO BRITTO mark, which mark is registered with the United States Patent and Trademark Office (the "PTO"), registration number 3824466, in Classes 6, 16, and 20, for sculptures of metal; paintings, posters and art prints; and sculptures of wood and sculptures of resin, respectively.  See copy of the TARR Status Report at Exhibit 8.

196.    The above registration is valid and subsisting and is prima facie evidence of the validity of the ROMERO BRITTO mark, and of Britto Central's ownership and exclusive right to use its mark in commerce in accordance with 15 U.S.C. §1057(b).

197.    On August 5, 2010, Britto Central applied to register the mark BRITTO in Classes 6, 16, 20, and 42, for sculptures of metal; paintings, posters and art prints; sculptures of wood and sculptures of resin; and artistic design services for others in the field of commissioned artworks, respectively.    This application was assigned Serial No. 85101249. See copy of the TARR Status Report at Exhibit 9.

198.    On September 29, 2010, Britto Central applied to register the Heart with Wings design mark in Classes 6, 16, 20, and 42, for sculptures of metal; paintings, posters and art prints; sculptures of wood and sculptures of resin; and artistic design services for others in the field of commissioned artworks, respectively.    This application was assigned Serial No. 85141120. See copy of the TARR Status Report at Exhibit 10.

199.    On December 7, 2010, Britto Central applied to register the cursive signature of Romero Britto in Classes 6, 16, 20, and 35, for sculptures of metal; paintings, posters and art prints; sculptures of wood and sculptures of resin; and artistic design services, respectively.   This application was assigned Serial No. 85192151.   See copy of the TARR Status Report at Exhibit 11.

200.    Britto Central granted Art 800 the exclusive right to use, and license others to use, the copyrights and trademarks in Romero Britto's artworks and any other images created by Romero Britto, used on certain products and merchandise items, and in connection with the production, manufacturing, distribution, sale, marketing, and advertisement of the artworks and merchandise. See copy of License Agreement at Exhibit 2.

201.    Art 800 entered into several license agreements with Giftcraft to incorporate artist Romero Britto's artworks and trademarks on various three dimensional products

("License Agreements")   See Exhibit 3.   Pursuant to these License Agreements, Giftcraft designs, manufactures, merchandises, and distributes products such as tote bags, purses, wallets, baggage tags, key chains, pet accessories, umbrellas, jewelry, tableware, kitchen accessories, stationary and office accessories, among others, which incorporate the Britto copyrighted works and trademarks, as well as Giftcraft's own GIFTCRAFT mark (the "Britto Products").

202.   Giftcraft is the owner of the GIFTCRAFT mark, which mark is registered with the PTO, registration number 2238594, in Class 35, for distributorship services in the field of giftware, tableware, and housewares.   See copy of the TARR Status Report at Exhibit 12.

203.   The above registration is valid and subsisting and is prima facie evidence of the validity of the GIFTCRAFT mark and of Giftcraft's ownership and exclusive right to use its mark in commerce in accordance with 15 U.S.C. §1057(b).   Moreover, this registration is incontestable in accordance with 15 U.S.C. §1065 and is conclusive evidence of the validity of the registered mark and of Giftcraft's ownership and exclusive right to use the mark pursuant to 15 U.S.C. § 1115(b).

204.   Britto's artworks, which are reproduced in Giftcraft's products, are inherently distinctive.

205.   Giftcraft's products incorporate the distinctive design elements of the Britto copyrighted works, referred hereinafter as the "Britto Look" or the "Britto trade dress", which is protected by Section 43(a) of the Lanham Act.   The Britto Look or trade dress consists of playful themes with bright and vibrant colors and bold black outlines, incorporating compositional elements of cubism.   See copy of the catalogue with the Britto Products at Exhibit 13.   See also pictures of some of those Products below:



206.     Giftcraft's products also incorporate the ROMERO BRITTO and GIFTCRAFT

marks.  See below:







207.    Giftcraft has twelve (12) direct customers in Puerto Rico that buy legitimate products for resale.

208.    Notwithstanding, Defendants are importing, distributing, offering for sale, and/or selling to customers in Puerto Rico copies and/or colorable imitations of the Britto Products. <u>See</u> Declarations of investigators José F. Marrero, Annelisse Rosario, Carlos Santana, Erika Marrero, José Rosario, Roberto Morales, Viviana Vázquez, and Wanda Rivera at Exhibits 14 to 21.   <u>See also</u> Declaration of Mrs. Alina Shriver, authorized representative of Britto Central, at Exhibit 22.

209.    Defendants' counterfeit products use, without authorization, the Britto copyrighted works, the ROMERO BRITTO and GIFTCRAFT marks, and the Britto Look or trade dress.  By using the ROMERO BRITTO and GIFTCRAFT marks, Defendants' products falsely designate the origin of said products and are likely to cause confusion among consumers, who may believe that these products are actually originated, authorized, affiliated, or somehow related to Romero Britto or Giftcraft, when, in reality, they are not. <u>See</u> images of some counterfeit products below:



   

See also Exhibits 14 to 21.

210.    Plaintiff Giftcraft has made and continues to make substantial investments of time, effort, and expenses in designing, manufacturing, and marketing its products featuring the Britto Look and copyrighted works.

211.    Plaintiffs have supported the ROMERO BRITTO and GIFTCRAFT marks, as well as the products incorporating the Britto Look and copyrighted works, with a substantial investment in advertising, public relations, promotions, and sponsorships. As a result, the ROMERO BRITTO and GIFTCRAFT marks have become well-known and famous among the trade and the public at large, in the United States, Puerto Rico, and other parts of the world.

212.    The ROMERO BRITTO and GIFTCRAFT marks, as well as the products incorporating the Britto Look and copyrighted works, have acquired distinctiveness through Plaintiffs' continued use, extensive publicity, and business growth.

213.    Britto maintains a website which features information on the artists and his work, as well as a link to Britto's official online store, at www.britto.com.

214.    Giftcraft also maintains a website displaying its products at www.britto.giftcraft.com.

215.    Giftcraft's Britto products have had outstanding commercial success. As a result, the public recognizes the Giftcraft designs, including the Britto Products, as designating an exclusive source; thereby, creating goodwill which inures to Plaintiffs' benefit.

216.      The enormous popularity of the Britto Products is evidenced by the increasing numbers of counterfeit products.

217.      Defendants are infringing on Plaintiffs' trademarks, trade dress, and copyrights by reproducing, manufacturing, distributing, displaying, offering for sale, and/or selling products which are counterfeit copies of Plaintiffs' Britto Products and/or by preparing derivative works based on the Britto copyrighted works.   See Declarations of investigators at Exhibits 14 to 21 and copies of receipts attached thereto. See also side by side photographs of the infringing products and the copyrighted works from which they are derived at Exhibit 23.

218.      Below are side by side photographs of some of the legitimate products with some of the counterfeit or infringing products:

  

It will be noted that the counterfeit or unauthorized products are identical or colorable imitations of the legitimate products.

219.      Defendants also displayed, copied, made derivative works, offered for sale, and/or sold copies of Plaintiffs' products, incorporating the Britto Look or trade dress as well as the ROMERO BRITTO and GIFTCRAFT marks and the Britto copyrighted works, through various websites, mass emails, and through Facebook.  See mass email from Emmanuel Imports, Facebook pages, and chart at Exhibits 24, 25 and 26.

220.      Upon information and belief, Defendants are selling the counterfeit or identical copies of the Britto Products for retail prices approximately between $5.00 and $50.00 each. See Declarations at Exhibits 14 to 21.

221.    Defendants illegally and without authorization from Plaintiffs reproduced, copied, distributed, made derivative works from, publicly exhibited, and/or sold <u>at least</u> one (1) counterfeit product with the Britto Look or trade dress, the ROMERO BRITTO and GIFTCRAFT marks, and incorporating the Britto copyrighted works. <u>See</u> Declarations at Exhibits 14 to 21. <u>See also</u> copies of the sales receipts of the counterfeit products at Exhibits 14 to 21.

222.    Defendants never obtained authorization, license or any other form of consent from Plaintiffs to use, reproduce, print, copy, distribute, make derivative works from, sell, publicly exhibit to modify or alter in any way the products with the Britto Look or trade dress, the ROMERO BRITTO and the GIFTCRAFT marks, and the Britto copyrighted works.

223.    Plaintiffs have been damaged by Defendants' acts of copyright, trademark, and trade dress infringement in an undetermined amount which, on information and belief, exceeds the minimum jurisdictional limits of this Court.

## IV. <u>FIRST CAUSE OF ACTION - WILLFUL COPYRIGHT INFRINGEMENT</u>

224.    The allegations contained in paragraphs 1 through 223 are incorporated herein by reference.

225.    The Defendants did not obtain Plaintiffs' authorization, license or any other consent to use, reproduce, copy, print, distribute, make derivative works from, publicly exhibit, nor sell copies of the Britto products, which incorporate the Britto copyrighted works.

226.    Defendants developed, derived, produced, reproduced, promoted, distributed, made derivative works from, publicly exhibited, and sold illegal copies of Plaintiffs' products incorporating the Britto copyrighted works. As such, Defendants infringed upon Romero Britto's registered copyrights over said artworks and upon Giftcraft's License Agreements in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* Defendants are

liable for all copyright damages suffered by Plaintiffs.

227.     Defendants are sophisticated business persons and, due to the nature of their business, were fully aware of the need to obtain consent before copying, distributing, making derivative works from, and selling products with another's copyrighted work.

228.     Defendants knew that they had not obtained permission to develop, derive, produce, reproduce, promote, distribute, make derivative works from, publicly exhibit, and sell copies of the products incorporating the Britto copyrighted works.   However, Defendants proceeded to infringe upon Plaintiffs' copyrights in willful violation of the law.

229.     Therefore, the previously described infringements, in which Defendants have engaged, have been deliberated, willful, malicious, oppressive, and without regard to Plaintiffs' proprietary rights.

230.     Defendants' copyright infringements have caused and will continue to cause Plaintiffs to suffer substantial injuries, loss, and damages to their proprietary and exclusive rights to the copyrights in the Britto Products, which incorporate the Britto copyrighted works, and further have damaged Plaintiff's business, reputation, and goodwill, diverted their trade, and caused loss of profits, all in an amount not yet determined.  In addition, Plaintiffs are entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C § 504, *et seq.* Alternatively, Plaintiffs are entitled to recover statutory damages, on election by Plaintiffs, in an amount up to $150,000 per violation –per each counterfeit or infringing product sold.

231.     Defendants' copyright infringements and the threat of continuing infringements have caused and will continue to cause Plaintiffs repeated and irreparable injury.

232.     It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' acts and continuing acts.  Plaintiffs' remedies at law are not adequate to compensate them for the injuries already inflicted and further threatened by Defendants.  Therefore, Plaintiffs are entitled to preliminary

and permanent injunctive relief pursuant to 17 U.S.C § 502 and to an order under 17 U.S.C § 503 and 28 U.S.C. § 1651(a) that the infringing copies of the Britto Products, which incorporate the Britto copyrighted works, be seized, impounded and destroyed.

233.    Plaintiffs are also entitled to recover their attorneys' fees and the costs of this suit pursuant to 17 U.S.C. § 505.

## V.    SECOND CAUSE OF ACTION – TRADEMARK AND TRADE DRESS INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)

234.    The allegations contained in paragraphs 1 through 233 are herein incorporated by reference.

235.    Defendants' sale and distribution of counterfeit Britto merchandise is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' goods.    As a result of Defendants' unauthorized use of the federally registered ROMERO BRITTO and GIFTCRAFT marks, as well as the BRITTO mark and the cursive signature of Romero Britto, which are pending federal registration, but have been used in commerce since at least 1987, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Plaintiffs, and such use creates the false impression that Defendants are legitimately connected with and/or authorized by Plaintiffs to sell the Britto Products.    This places beyond Plaintiffs' control their own reputation and ability to control the use of their marks or the quality of the products bearing their marks.

236.    Defendants' conduct violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

237.    Plaintiffs' Britto Products, which incorporate the Britto Look or trade dress, have a unique and distinctive design which designates a single source of origin.

238.    Plaintiffs are the owners of the Britto trade dress, which is protectable at law, including under the Lanham Act.

239.     The above–described acts of Defendants constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), since Defendants have used the Britto trade dress and likely to cause confusion or mistake or to deceive the relevant public into believing that Defendants' products are authorized by or are affiliated with Plaintiffs and, notwithstanding, have caused such goods to enter into interstate commerce.

240.     Plaintiffs are being damaged and are likely to be damaged in the future by Defendants' infringement by reason of the likelihood that purchasers of Defendants' products will be confused or mistaken as to source, sponsorship or affiliation with Plaintiffs' products.

241.     Plaintiffs are informed and believe that Defendants' acts alleged herein were willful and conducted in conscious disregard of Plaintiffs' rights, and for the purpose of intentionally misappropriating and capitalizing on Plaintiffs' goodwill.

242.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

243.     By reason of Defendants' acts alleged herein, Plaintiffs have suffered and will continue to suffer damages to their goodwill and has and will continue to suffer irreparable harm unless and until Defendants' conduct is enjoined.

244.     Defendants' activities complained of herein have damaged Plaintiffs in an amount that is as yet undetermined.

**VI.     THIRD CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION
AND FALSE DESCRIPTION**

245.     The allegations contained in paragraphs 1 through 244 are herein incorporated by reference.

246.     Plaintiffs expended considerable resources in creating and merchandising the

Britto Products and such products were illegally copied and reproduced by Defendants without Plaintiffs' authorization.

247.   The above-described acts conducted by Defendants, negligently or intentionally, constitute unfair methods of competition in the conduct of trade or commerce in that:

a.   such acts enable and will continue to enable Defendants to obtain the benefits of the selling of identical copies or colorable imitations of Plaintiffs' products;

b.   such acts have damaged and will continue to damage Plaintiffs as well as their goodwill, reputations, businesses, products, and services;

c.   such acts have caused and are likely to continue to cause confusion, mistake or deception on the public; and

d.   such acts will result in the unjust enrichment of Defendants.

248.   The above-described acts by Defendants of selling, without authorization, identical copies or colorable imitations of Plaintiffs' Britto Products directly affected Plaintiffs' possibilities of receiving income resulting from their products.

249.   The illegal use of the ROMERO BRITTO and GIFTCRAFT marks and the Britto trade dress and copyrighted works in products that were not created by Plaintiffs creates confusion in the industry and in the public as to the quality of Plaintiffs' work and as to the origin of their work.

250.   Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of "false designations of origin in connection with goods, services, or their containers that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the user with another person, or as to the origin, sponsorship or approval of his or her goods, services or commercial activities."

251.   Defendants unreasonably restrained Plaintiffs' ability to compete and use their marks and to merchandise their products in a fair market condition.

252.     Defendants' conduct has damaged Plaintiffs' business reputation and goodwill, diverted their trade, and caused loss of profits, all in an amount not yet determined.

253.     Plaintiffs are informed and believe that Defendants' acts alleged herein were willful and conducted in conscious disregard of Plaintiffs' rights.

254.     By reason of Defendants' acts alleged herein, Plaintiffs have suffered and will continue to suffer damages to their goodwill and have and will continue to suffer irreparable harm unless and until Defendants' conduct is enjoined.

### VII.   FOURTH CAUSE OF ACTION -- FEDERAL TRADEMARK DILUTION (15 US.C. § 1125 (C))

255.     The allegations contained in paragraphs 1 through 254 are herein incorporated by reference.

256.     Plaintiffs' ROMERO BRITTO and GIFTCRAFT marks are inherently distinctive and federally registered marks.  By reason of Plaintiffs' extensive and exclusive use of these marks in commerce in connection with Plaintiffs' products and artworks, they have become famous marks associated exclusively with Plaintiffs.  Plaintiffs' ROMERO BRITTO and GIFTCRAFT marks became famous long before Defendants' infringing activities commenced.

257.     Defendants' commercial use of the ROMERO BRITTO and GIFTCRAFT marks for goods that are not manufactured or controlled by, affiliated with, or sponsored by Plaintiffs has diluted and is continuing to dilute the distinctive quality of Plaintiffs' famous ROMERO BRITTO and GIFTCRAFT marks by lessening the capacity of these marks to exclusively identify and distinguish Plaintiffs and their goods, and by tarnishing it through association with Defendants' goods.

258.     Defendants' conduct violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

259.    Plaintiffs are informed and believe that Defendants' acts alleged herein were willful and conducted in conscious disregard of Plaintiffs' rights.

260.    By reason of Defendants' acts alleged herein, Plaintiffs have suffered and will continue to suffer damages to their goodwill and have and will continue to suffer irreparable harm unless and until Defendants' conduct is enjoined.  Plaintiffs have no adequate remedy at law.

## VIII.  FIFTH CAUSE OF ACTION – TRADEMARK AND TRADE DRESS INFRINGEMENT AND TRADEMARK DILUTION IN VIOLATION OF THE PUERTO RICO TRADEMARKS ACT (10 L.P.R.A. § 223a et seq.)

261.    The allegations contained in paragraphs 1 through 260 are herein incorporated by reference.

262.    The ROMERO BRITTO and GIFTCRAFT marks and Britto Look or trade dress have trademark protection under Article 3 of the Puerto Rico Trademarks Act, 10 L.P.R.A. § 223a.  Defendants have adopted and are using confusingly similar marks and trade dress to designate in commerce their goods and merchandise in a manner that creates likelihood of confusion, mistake, or deception.  Defendants' use of the ROMERO BRITTO and GIFTCRAFT marks and the Britto Look or trade dress on their products constitutes trademark infringement under Articles 26 and 27 of the Puerto Rico Trademarks Act, 10 L.P.R.A. §§ 223w and 223x.  Defendants' acts induce purchasers and others to believe, contrary to fact, that their products are sponsored, approved by, or connected with Plaintiffs.  Defendants' acts have damaged, impaired, and diluted that part of Plaintiffs' goodwill, symbolized by their marks and trade dress, all to Plaintiffs' immediate and irreparable damage.

263.    Defendants' colorable imitation of Plaintiffs trademarks and trade dress, in the manner described in this Complaint, is without leave or license from Plaintiffs and, therefore, constitutes trademark and trade dress infringement within the meaning of Articles 26 and 27 of the Puerto Rico Trademarks Act , 10 L.P.R.A. §§ 223w and 223x.

264.     As stated before, Plaintiffs' ROMERO BRITTO and GIFTCRAFT marks are inherently distinctive and famous marks associated exclusively with Plaintiffs. Defendants' commercial use of the ROMERO BRITTO and GIFTCRAFT marks and the Britto Look or trade dress for goods that are not manufactured or controlled by, affiliated with, or sponsored by Plaintiffs has diluted and is continuing to dilute Plaintiffs' famous ROMERO BRITTO and GIFTCRAFT marks and the Britto Look or trade dress by lessening the capacity of these marks to exclusively identify and distinguish Plaintiffs and their goods, and by tarnishing them through association with Defendants' goods.

265.     This conduct of the Defendants constitutes a violation of Article 28 of the Puerto Rico Trademarks Act, 10 L.P.R.A. § 223y.

266.     Defendants had constructive and/or actual knowledge of Plaintiffs' rights when Defendants engaged in the conducts described in this Complaint.  Thus, Defendants have willfully, deliberately and maliciously engaged in the acts described in this count to cause injury to Plaintiffs and to deceive the public.

IX.     **SIXTH CAUSE OF ACTION – UNFAIR COMPETITION IN VIOLATION OF THE LAWS OF THE COMMONWEALTH OF PUERTO RICO**

267.     The allegations contained in paragraphs 1 through 266 are herein incorporated by reference.

268.     Defendants have manufactured, distributed, marketed, duplicated and/or sold products with designs that are confusingly similar to Plaintiffs' Britto Products and this has caused and is causing confusion and misunderstanding as to the source, sponsorship, and approval of Defendants' goods.  Defendants use of colorable imitations of the ROMERO BRITTO and GIFTCRAFT marks to identify their products misrepresents their businesses as that of Plaintiffs'; misrepresents the source, sponsorship, approval, or certification of Plaintiffs; misrepresents their products and merchandise as having an

affiliation, connection or association with Plaintiffs; and misrepresents the origin of their products.

269.     The above-described acts conducted by Defendants, negligently or intentionally, constitute unfair methods of competition in the conduct of trade or commerce, in violation of the unfair competition doctrines of Puerto Rico under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A § 5141.

270.     Defendants' acts of infringement also result in unjust enrichment and constitute unfair competition under Article 3 of Act No. 77 of June 25, 1964, as amended, 10 L.P.R.A. §259(a).

271.     Defendants' unfair business practices are of a recurring nature and harmful to the trade and the public at large.

## X.     IMMEDIATE INJUNCTIVE RELIEF IS WARRANTED

272.     The allegations contained in paragraphs 1 through 271 are herein incorporated by reference.

273.     Injunctive relief is specifically authorized by the United States Copyright Act. Said Act allows a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  To obtain injunctive relief, Plaintiffs must demonstrate (a) that they will suffer irreparable harm without the requested relief  and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in Plaintiffs' favor.  See Fed. R. Civ. P. 65; Echo Design Group, Inc. v. Zino Davidoff S.A., 283 F.Supp. 2d 963, 966 (S.D.N.Y. 2003).

274.     Irreparable harm is typically presumed from copyright infringement.  See, e.g., Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189, 192 (2d Cir. 1985).  To establish a prima facie case of copyright infringement, and thereby demonstrating likelihood of success, Plaintiffs must show that they own valid copyrights and that Defendants have engaged in

unauthorized copying. See Feist Publ'ns Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Here, under either prong of the test, Plaintiffs can sustain their burden and are entitled to a temporary restraining order or a preliminary injunction enjoining Defendants from infringing upon Plaintiffs' copyright interest in the Britto Products, which incorporate the Britto copyrighted works.

275.   The Certificates of Registration at Exhibits 4-7 are *prima facie* evidence that Plaintiffs Romero Britto and Britto Central are the exclusive owners of all rights to the products incorporating the Britto copyrighted works.  See Boisson v. Banian, Ltd., 273 F.3d 262, 268 (2d Cir. 2001) ("certificates of registration constitute *prima facie* evidence of the validity not only of their copyrights, but also of the originality of their works.").

276.   Additionally, the License Agreements at Exhibit 3 demonstrate that Giftcraft, as Britto's exclusive licensee, is the only entity authorized to incorporate the Britto copyrighted works into its products.

277.   As for the element of unauthorized copying, it must be noted that copyright infringement is established when the owner or exclusive licensee of a valid copyright demonstrates unauthorized acts of copying.  See Procter & Gamble Co. v. Colgate-Palmolive Co., 199 F.3d 74, 77 (2d Cir. 1999).  Defendants, upon information and belief, are selling identical copies or colorable imitations of the products incorporating the Britto copyrighted works, as conclusively established by the Declarations of the investigators (see Exhibits 14 to 21) and by the print-outs of Defendants' Facebook pages, websites, and mass emails (see Exhibits 23-25).  Based on this clear and direct evidence, Plaintiffs will likely succeed in establishing that Defendants' activities infringe their copyrights and should be enjoined.

278.   Plaintiffs have demonstrated a prima facie case of copyright infringement, have shown a substantial likelihood of success on the merits, and have demonstrated that they are suffering irreparable harm. Therefore, Plaintiffs are entitled to a preliminary injunction. See Eve of Milady v. Impression Bridal, Inc., 986 F.Supp. 158, 161 (S.D.N.Y. 1997).  ["[A] plaintiff that

demonstrates a likelihood of success on the merits has met its burden under Rule 65 of showing it is entitled to preliminary injunctive relief."); Rice v. American Program Bureau, 446 F.2d 685, 688 (2d Cir. 1971) ("[I]t is likewise well settled that when a *prima facie* case [of copyright infringement] is made out, a preliminary injunction should issue without the showing of irreparable injury . . .").

279.   However, even without reliance on this presumption, it is clear that Plaintiffs will continue to suffer irreparable harm if Defendants are not enjoined from their unlawful acts. Defendants' unauthorized copying and selling of the imitations of the Britto Products, which incorporate the Britto copyrighted works, has caused and will continue to cause immeasurable harm to Plaintiffs' ability to realize expected profits.  Plaintiffs have made significant investments in developing and marketing their Britto Products.  If Defendants are permitted to freely reproduce and sell copies of these products, which incorporate the Britto copyrighted works, without Plaintiffs' permission and without payment of fees, Plaintiffs' entire business will continue to suffer greatly.

## XI.   NEED FOR EX PARTE RELIEF

280.   The allegations contained in paragraphs 1 through 279 are incorporated herein by reference.

281.   The granting of an *ex parte* temporary restraining order is appropriate where notice would likely result in irreparable injury.  See Little Tor Auto Ctr. v. Exxon Co., USA, 822 F. Supp. 141, 143 (S.D.N.Y. 1993).

282.   Defendants have chosen to infringe Plaintiffs' copyrights, trademarks, and trade dress by willfully and unlawfully copying and selling the products incorporating the Britto copyrighted works and the ROMERO BRITTO and GIFTCRAFT marks.  If notice were given of a request for a temporary restraining order or a preliminary injunction before Plaintiffs have an opportunity to secure the copies of the infringing products in Defendants' possession, there is very good reason to believe that Defendants would either destroy the infringing materials, thus,

depriving the Court of essential evidence in this action, or transfer the materials to another location and recommence their infringing activities shortly thereafter or even dispose of the materials to another entity.  The lack of notice itself poses no material hardship on Defendants since they will merely be prevented from utilizing the infringing products until a hearing on the temporary restraining order or preliminary injunction can take place.

**WHEREFORE,** Plaintiffs pray for the following:

(1)   That an *ex parte* Temporary Restraining Order or Preliminary Injunction be issued enjoining Defendants and their respective agents, servants, employees, related companies, and all parties in privity with or in active participation or concert with them, from:

(a)   importing, manufacturing, producing, distributing, selling, offering for sale, advertising, promoting, displaying, imitating, copying, destroying, altering, or otherwise disposing of any product that is in the possession of Defendants that is confusingly similar to Plaintiffs' Britto Products or bearing the ROMERO BRITTO and/ or GIFTCRAFT marks;

(b)   using any simulation, reproduction, counterfeit, copy or colorable imitation of the ROMERO BRITTO and/or GIFTCRAFT or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiffs or to any goods sold, manufactured, sponsored or approved by or connected with Plaintiffs;

(c)   using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any Defendant is in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

(d)      transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to Plaintiffs' ROMERO BRITTO and/or GIFTCRAFT marks;

(e)      engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of Plaintiffs' ROMERO BRITTO and/or GIFTCRAFT marks;

(f)      disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records, documents, electronic files, models, purchase orders, invoices, correspondence, books of account, receipt or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, selling, advertising, receiving, acquisition, importation, purchase, sale or offer for sale or distribution of any merchandise bearing the ROMERO BRITTO and/or GIFTCRAFT marks and /or incorporating the Britto Look or trade dress, and/or copyrighted works; and,

(g)      engaging in any other activity constituting an infringement of Plaintiffs' copyrights, trademarks, and trade dress over the products incorporating Britto's copyrighted works, the ROMERO BRITTO or GIFTCRAFT marks, or the Britto Look.

(h)      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

(2)      That Defendants, their agents, servants, employees, related companies, and all parties in privity with or in active participation or concert with them, or any of them, be enjoined permanently from infringing Plaintiffs' aforesaid copyrights, trademarks, and trade dress in any manner including, but not limited to, manufacturing, displaying, distributing, offering for sale, selling, shipping, or delivering infringing copies of Plaintiffs' products incorporating Britto's

copyrighted works, the ROMERO BRITTO or GIFTCRAFT marks, and/or the Britto Look or trade dress in the possession or under the control of the Defendants;

(3)     That Defendants, their agents, servants, employees, related companies, and all parties in privity with or in active participation or concert with them, or any of them, be ordered to deliver to Plaintiffs all originals, copies, facsimiles, duplicates, or derivative works of the products incorporating the Britto's copyrighted works, the ROMERO BRITTO or the GIFTCRAFT marks, and/or the Britto Look or trade dress and any and all models, matrices, masters or other articles by means of which copies may be produced, in their possession, custody or control;

(4)     That Defendants be required to pay to Plaintiffs such actual damages suffered by Plaintiffs as a consequence of Defendants' infringement of Plaintiffs' **copyrights** in the Britto Products and all gains, profits and advantages illicitly gained by Defendants from said infringements, pursuant to 17 U.S.C. § 504(b), or;

(5)     That Defendants be required to pay to Plaintiffs statutory damages for willful infringement of each of the exclusive copyrights (reproduction, distribution, make derivative works, and public exhibition) in the products incorporating the Britto copyrighted works in the amount of $150,000 per violation, pursuant to 17 U.S.C. 504(c);

(6)     That Plaintiffs be awarded damages for Defendants trademark infringements in an amount not less than $150,000 per violations:

(7)     That Plaintiffs be awarded damages for Defendants' **trade dress infringement** of the Britto Look in an amount not less than $150,000 per violation;

(8)     That Plaintiffs be awarded Defendants' profits resulting from their trademark and trade dress **infringements**;

(9)     That Plaintiffs be awarded damages for Defendants' **unfair competition**, including all profits and property acquired by means of Defendants' unfair competition with Plaintiffs in an amount not less than $150,000 per violation;

(10)    That Plaintiffs be awarded exemplary and/or punitive damages;

(11)    That the Court issue an Order that all infringing copies of the products incorporating the Britto copyrighted works, the ROMERO BRITTO or the GIFTCRAFT marks, the Britto Look or trade dress, and copyrighted works, and all molds by which such infringing merchandise was produced, be seized, impounded and destroyed;

(12)    That Plaintiffs be awarded their costs and attorneys' fees incurred in the prosecution of this action pursuant to 17 U.S.C. §505; and

(13)    That Plaintiffs be awarded such other relief as this Court deems appropriate.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby request trial by jury.


## UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, Romero Britto, in my personal capacity and as President of Britto Central, Inc. and of Art 800, LLC, of legal age, married and resident of Miami, Florida, hereby state under penalty of perjury, pursuant to the Laws of the United States of America, 28 U.S.C. § 1746, that I have read the foregoing Complaint and that, to the best of my knowledge and belief, all its allegations are true and correct.

In Miami, Florida, this 31 day of August, 2011.

_____
Romero Britto

## UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, Thomas Kydd, in my personal capacity and as CFO/Treasurer of Giftcraft, Ltd., of legal age, married and resident of Orangeville, Ontario, Canada, hereby state under penalty of perjury, pursuant to the Laws of the United States of America, 28 U.S.C. § 1746, that I have read the foregoing Complaint and that, to the best of my knowledge and belief, all its allegations are true and correct.

In Brampton, Ontario, Canada, this 31st day of August, 2011.

_____
Thomas Kydd

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of August, 2011.

**McConnell Valdés LLC**
*Attorneys for Plaintiffs*
*Romero Britto, Britto Central, Inc.,*
*Art 800 LLC, and Giftcraft, Ltd.*
PO Box 364225
San Juan, PR 00936-4225
Tel.: 787.250.5657/787.250.5637
Fax: 787.759.2798/787.620.8325
www.mcvpr.com

By: *s/ Dora M. Peñagarícano*
Dora M. Peñagarícano
USDC-PR No. 203202
dmp@mcvpr.com

By: *s/ Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR No. 211512
rcq@mcvpr.com

By: *s/ Isabel Torres-Sastre*
Isabel Torres-Sastre
USDC-PR No. 229114
its@mcvpr.com

43